UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHERLENE CHASE MORRIS            :
                                 :
            Plaintiff,           :
                                 :      18-CV-1920 (OTW)
        -against-                :
                                 :      **OPINION & ORDER**
UNITED STATES POSTAL SERVICE and :
NATIONAL ASSOCIATE OF LETTER CARRIERS, :
                                 :
            Defendants.          :
                                 :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Cherlene Chase Morris brings this action against the United States Postal Service ("USPS") and National Association of Letter Carriers ("NALC").[1] Plaintiff alleges two Fair Labor Standards Act ("FLSA") claims against USPS, a "failure to pay / taking back earned wages" claims and a retaliation claim." Am. Compl. ¶¶ 74-88. Plaintiff alleges that USPS failed to pay her certain overtime compensation at one and a half times her hourly rate, failed to pay her for certain hours worked, took pay it had already paid her for work she performed, and failed to pay her sick leave pay. *See* Am. Compl. ¶ 77. Plaintiff claims that when she complained about her pay to her supervisors USPS terminated her employment. *See* Am. Compl. ¶¶ 31-55, 77. Plaintiff and USPS submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 65-1). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 11). Plaintiff and USPS

---

[1] Plaintiff alleges New York City Human Rights Law claims against NALC.

1

submitted a joint motion for settlement approval on March 12, 2020. (ECF 64). For the reasons below, the Court **GRANTS** the settlement (ECF 65-1) between Plaintiff and the USPS.

**I.    Background**

The USPS employed Plaintiff as a city carrier from July 2013 to August 2017. Am. Compl. ¶¶ 3-4. Plaintiff alleges that USPS did not pay her for hours she worked or for which she had obtained prior authorization, *e.g.* sick leave and overtime. Am. Compl. ¶¶ 15-30. Plaintiff alleged she raised the issue of unpaid wages twice to USPS.  Am. Compl. ¶¶ 31-33. Plaintiff further alleged that USPS fired her because of her complaints, effective August 24, 2017, for which she was not notified until September 2017 because she was on medical leave. Am. Compl. ¶¶ 37, 83.

Plaintiff filed her complaint on March 2, 2018. (ECF 1). Plaintiff filed an amended complaint on August 13, 2018, adding NALC as a defendant. (ECF 20).

**II.   Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

    a. **Range of Recovery**

Plaintiff alleges a maximum recovery against the USPS under FLSA to be approximately $64,928.80 ($1,000 in unpaid wages plus $63,928.80 in backpay. (ECF 65 at 3). The proposed settlement amount is $26,883.00. (ECF 65-1 ¶ 2). Of the total settlement amount, Plaintiff would receive $17,922 and Plaintiff's counsel would receive $8,961 in attorney fees. (*Id*.) The Plaintiff's settlement amount thus represents approximately 42% of Plaintiff's alleged maximum damages and is greater than the alleged amount of unpaid wages.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

    b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the significant factual disputes present in this case present them with considerable risks were they to proceed with litigation. (ECF 65 at 4). USPS faces risk because of the factual issues regarding its timekeeping method and the timing of its removal of Plaintiff. (*See id.*). Additionally, further litigation would disrupt USPS's operations. Plaintiff faces

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

risk because "of certain current USPS employees' expected testimony against her" and with a settlement, she can obtain immediate payment, which is her stated preference. (*See id.*).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of months of arm's-length negotiation by counsel experienced in employment litigation, and there is no evidence to the contrary. Parties also used a mediator. (*Id*. at 4-5).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is not an employee of USPS, diminishing potential concern that Plaintiff may have been coerced into the settlement by her employer. (*See* ECF 20).

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment with USPS. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $8,961 is reasonable, and represents approximately 33.3% of the total award.[3] Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). In this case, Ms. Paparella's fees are reasonable. She began representing Plaintiff in September 2017 and the settlement agreement was negotiated in March 2020. In that period, Ms. Paparella filed two complaints, participated in multiple conferences, and expended resources in discovery, which included taking a deposition and defending Plaintiff's deposition. (ECF 65-1). The proposed amount of $8,961 is less than the total recorded fees and costs submitted by Plaintiff's counsel.[4] (ECF 65 at 5).

---

[3] Plaintiff is represented by Andrea M. Paparella from the Law Office of Andrea Paparella, PLLC. (ECF 65 at 5).
[4] Plaintiff has submitted attorney time records. (ECF 65-1). The Court strongly questions the appropriateness of a rate of $700 per hour for Ms. Paparella, but the Court notes that Ms. Paparella claims she discounted a certain amount of unspecified time before she submitted her time records.

**III.      Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (ECF 65-1) as fair and reasonable. It is **HEREBY ORDERED** that the action is dismissed with prejudice against USPS and without costs.

The Clerk of Court is directed to close ECF 64.

**SO ORDERED.**

                                                    *s/ Ona T. Wang*

Dated: May 4, 2020                                     **Ona T. Wang**
     New York, New York                    United States Magistrate Judge